IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

EL WALEED AHMED,           *
                           *
    Petitioner,            *
                           *
         v.                *          CV 619-004
                           *
WARDEN AIMEE SMITH,        *
                           *
    Respondent.            *

**ORDER**

Before the Court is Respondent Warden Aimee Smith's Motion to Dismiss Petition as Untimely. (Doc. 6.) For the following reasons Respondent's motion is granted.

Petitioner El Waleed Ahmed was convicted on January 10, 2012 in Emanuel County Superior Court. Petitioner appealed but the Court of Appeals of Georgia affirmed his conviction on January 30, 2015. Petitioner did not pursue further direct appeal or reconsideration but did file a petition for a writ of habeas corpus in Dooly County Superior Court on August 16, 2016, which was denied on April 4, 2017.[1] The Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause to appeal on

---

[1] The Order denying the petition was dated April 4, 2017 but was not filed until April 6, 2017. This discrepancy does not affect the Court's analysis.

October 9, 2018. Finally, Petitioner filed the instant habeas petition on January 10, 2019.

28 U.S.C. § 2244(d)(1) provides a one-year period of limitation within which prisoners convicted pursuant to the judgment of a state court must file their petition for federal habeas relief. See Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008). The United States Supreme Court further explained how this limitation period runs:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). In this case, Petitioner falls into the second category of petitioners; those whose judgement becomes final at the expiration of the time for pursuing direct review in the Supreme Court or in state court.

The Georgia Court of Appeals affirmed his conviction on January 30, 2015. Petitioner then had ten days, or until February 9, 2015 to notice his intent to petition the Supreme Court of Georgia for a writ of certiorari. Georgia Court of Appeals Rule

2

38; Ga. Sup. Ct. R. 38(1). Petitioner pursued neither a writ of certiorari nor post-judgment relief. Thus, his judgment became final for the purposes of Section 2244 on February 9, 2015, and Section 2244's limitation period ran on February 9, 2016. See Gonzalez, 565 U.S. at 137 ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" on the date that the time for seeking such review expires.") He did not file the instant federal petition until January 22, 2019, and none of the tolling conditions in Section 2244(d)(1)(B) through (D) are applicable. Although Petitioner did seek state habeas relief which could have tolled the one-year limitation period if pursued prior to the expiration of the one-year period, he did not do so until August of 2016. See 28 U.S.C. § 2244(d)(2). Therefore, the instant petition is untimely unless equitable tolling applies.

Equitable tolling allows a petitioner to circumvent Section 2244(d)(1)'s time bar when "extraordinary circumstances have worked to prevent [the] otherwise diligent petitioner from timely filing his petition." Spottsville v. Terry, 476 F.3d 1241, 1245 (11th Cir. 2007) (internal quotation omitted). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. (internal quotation omitted).

3

In his response to the instant motion, Petitioner draws the Court's attention to a notice he filed with his motion for leave to proceed *in forma pauperis*. (Doc. 2-1). The notice states that prison officials would not provide Petitioner with a copy of his inmate account statement – which he had been requesting since October of 2018 – resulting in the late filing of the petition. Even assuming the prison officials delayed Petitioner's filing, Petitioner still admits that he did not request the account statement until October of 2018. This is well after the Section 2244 limitations period expired in February of 2016. Petitioner also argues that the Supreme Court of Georgia did not deny his application until October of 2018. This argument fails too because Petitioner did not begin his state habeas process until after the Section 2244 limitation period had expired.

In sum, Petitioner has not demonstrated the existence of extraordinary circumstances impeding an otherwise diligent pursuit of his rights. According to Petitioner's filings, it appears Petitioner did not begin his pursuit of federal habeas relief until October of 2018 and did not file his petition until January of 2019, which is more than a year after his conviction was final under Section 2244.

Upon consideration, Respondent's motion to dismiss (doc. 6) is **GRANTED**. The petition is hereby **DISMISSED**. The Clerk is directed to **TERMINATE** all motions and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia this 15th day of November, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA